Lieutenant Commander Benito Colon SOTO, MC, USN, Plaintiff,

v.

Rear Admiral Ralph HEDGES, Commander Naval Forces, et al., Defendants.

No. Civil 81–1578.

United States District Court, D. Puerto Rico.

Sept. 18, 1981.

Alfredo Rafucci-Carríon, San Juan, P. R., for plaintiff.

Asst. U. S. Atty. Everett de Jesus, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

This is an action for injunctive relief in which a United States Navy doctor seeks to restrain the U. S. Navy from ordering him to return to military service, until the medical evaluation in his case is resolved and his discharge is final. A temporary restraining order (TRO) was issued on August 19, 1981, to this effect and was extended by stipulation of the parties until September 4, 1981. On August 28, 1981, federal defendants filed a motion to dismiss the petition herein for lack of jurisdiction. Plaintiff filed an opposition to said motion on September 2, 1981. For the reasons hereinafter indicated, the defendants' motion to dismiss is granted.

In the present case petitioner is a doctor who rendered services for the U. S. Navy for a period of three years, during which he was interested in continuing a specialization within the service. Having been unable to continue his specialization in orthopedics in the Navy, he obtained a residency in emergency medicine at the University of Puerto Rico, starting on July 1, 1981. He received discharge papers from the Navy for the same date.

In the meantime, petitioner was hospitalized with diabetes and suffered a hearing loss of his left ear. As a result of this situation, he requested a medical discharge from the Navy since this impairment was disabling in his case as a medical doctor. On July 1, 1981, he was granted leave to start his studies while he was still waiting for the results of the medical evaluation board with regards to this case. Plaintiff was then informed on August 14, 1981, to return to service at the U. S. Naval Station in Roosevelt Roads, Ceiba, Puerto Rico, on August 19, 1981. To prevent plaintiff's return to service pending his disability evaluation, a TRO was issued by this Court on August 19, 1981. On August 20, 1981, the Medical Board rendered a decision in which plaintiff's hearing loss was not considered at all. Said decision was appealed by plaintiff.

■ In the present action defendants have been sued in their official capacity only for the petition alleges that said defendants exercise direct custody and control over plaintiff's activities while being an officer in the U. S. Navy. The officials are acting within their scope of authority, and that authority is not being constitutionally challenged in the present action by the petitioner. Thus, the petition is really against the United States even though it is nominally brought against the U. S. Navy officers. Therefore, this Court lacks jurisdiction over the appearing defendants since the United States has not consented to be sued and the relief sought, although it is against defendants, is actually against the United States. In this type of action, it has been established that the doctrine of sovereign immunity extends to actions against officers of the United States when the exercise of their official duties being questioned is on behalf of the government and cannot be avoided by the mere fact of denominating an officer of the United States as defendant. *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Mine Safety Appliances Co. v. Forrestal*, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140 (1945); *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).

The defendants in this case were and are acting in their official capacity while representing the United States. Their authority to order plaintiff to return to work stems from a mandate contained in 32 C.F.R. 25.-309(e), which provides in part:

"The members shall not be sent home awaiting orders, granted other than emergency leave, or transferred to another activity until the recommended findings of the Central PEB (physical evaluation board) have been received and accepted by the member."

Petitioner herein received the Central Physical Evaluation Board's decision and has appealed said decision. Accordingly, in view of his present status and the above cited regulation, defendants have no choice but to order petitioner to return to work. Defendants' actions are within the provisions of this regulation and, thus, covered by the sovereign immunity doctrine.

 The only exceptions where the sovereign immunity doctrine is not a bar to an action against a public officer are when an official is acting in excess of his authority, or his authority is unconstitutional or is being exercised in an unconstitutional manner. *Larson v. Domestic and Foreign Commerce Corp., supra.* Since plaintiff has not alleged any of the above mentioned exceptions, the doctrine of sovereign immunity covers the actions of said official duties in question on behalf of the government; therefore, no action lies against the United States since Congress has not so consented in an express manner and the action in the case at bar is actually against the United States. *U. S. v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *Crowley v. U. S.,* 388 F.Supp. 981 (E.D.Wis., 1975).

Therefore, plaintiff has not alleged in the petition a jurisdictional basis for his action which constitutes a waiver of the doctrine of sovereign immunity. With the jurisdictional bar imposed by the doctrine of sovereign immunity, the alleged jurisdictional basis of plaintiff's petition reveals that there is no jurisdiction over defendants while acting in their official capacity as U. S. Navy Officers. Furthermore, it has been long established that federal courts must be careful not to interfere with the internal military affairs, and that this is not a responsibility of the judiciary. *Orloff v. Wi-*

*lloghby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). Moreover, the federal courts have been especially reluctant to interfere with military decisions affecting a service member's duty assignment, *Cortright v. Resor,* 447 F.2d 245 (2 Cir., 1971), especially in this case where petitioner still pursues an administrative remedy in the U. S. Navy.

WHEREFORE, in view of the foregoing, defendants' motion to dismiss, is hereby GRANTED.

IT IS SO ORDERED.